UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY M. OAKES,

                    Plaintiff,

v.

                                                     5:15-CV-1246
                                                     (GTS/WBC)

NANCY A. BERRYHILL, Acting Comm'r of Soc. Sec.,[1]

                    Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

FOULKE LAW FIRM                                E. FENTON FOULKE, ESQ.
  Counsel for Plaintiff
5 Court Street
Auburn, New York 13021

SOCIAL SECURITY ADMINISTRATION         SERGEI ADEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II  Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this action filed by Jeffrey M. Oakes ("Plaintiff") against Acting Commissioner of Social Security Carolyn W. Colvin ("Defendant" of "Commissioner") seeking Disability Insurance Benefits and Supplemental Security Income, are (1) United States Magistrate Judge William B. Mitchell Carter's Report-Recommendation recommending that this action be remanded to the Commissioner of Social Security pursuant to sentence four of 42

---

[1] Because Nancy A. Berryhill is now the Acting Commissioner of Social Security, the Clerk of the Court is directed to substitute her for Acting Commissioner of Social Security Carolyn W. Colvin as the Defendant in this action, pursuant to Fed. R. Civ. P. 25(d).

U.S.C. § 405(g), and Defendant's Objections to the Report-Recommendation. (Dkt. Nos. 12, 13.) Plaintiff has responded to Defendant's Objections. (Dkt. No. 14.) For the reasons set forth below, the Report-Recommendation is accepted and adopted.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was 36 years old at the time of his hearing before the Social Security Administration. (T. 40.) He completed the 11th grade. (T. 42.) Generally, in his application, he alleged that his disability consists of bipolar disorder, obsessive compulsive disorder, anxiety, paranoia, and chronic tic disorder. (T. 218.) His alleged disability onset date is March 6, 2009. (T. 86.) He previously worked as a pool service tech, curb finisher, machine operator, and a laborer. (T. 24.)

   B.  **Procedural History**

On February 17, 2012, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") and Supplemental Security Income ("SSI"). (T. 86.) His applications were initially denied. (T. 15.) On January 24, 2014, he appeared before an Administrative Law Judge ("ALJ"), Angela Miranda. (T. 30-85.) On February 28, 2014, ALJ Miranda issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-29.) On August 14, 2015, the Appeals Council denied his request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.)

## C. ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-26.)[2] First, the ALJ found that Plaintiff met the insured status requirements through March 31, 2014, and that he had not engaged in substantial gainful activity since March 6, 2009. (T. 17.) Second, the ALJ found that Plaintiff had the severe impairments of tobacco use disorder with asthma, residual effect of remote back injury with obesity, and mental impairments described variously as bipolar, generalized anxiety disorder, polysubstance dependence in remission and antisocial personality traits. (T. 17-18.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the specified impairments in the Listing of Impairments. (T. 18-20.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with additional postural, environmental and mental limitations. (T. 20.) Fifth, the ALJ determined that Plaintiff was incapable of performing his past relevant work, but that there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 24-26.)

---

[2] The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).

### D. Parties' Briefing on Their Cross-Motions for Judgment on the Pleadings

Generally, in his brief in support of his Complaint, Plaintiff argues that the ALJ's decision finding him not disabled was not supported by substantial evidence, because the ALJ erred by failing to give controlling weight to Plaintiff's treating psychiatrist. (Dkt. No. 9.)

Generally, in her brief in response to Plaintiff's brief, Defendant argues that substantial evidence supported the ALJ's finding that Plaintiff's impairments would not preclude him from performing work subject to the significant restrictions as assessed in her RFC finding. (Dkt. No. 10.)

### E. Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following three findings of fact and conclusions of law: (1) the ALJ did not violate the treating physician rule in affording more weight to the opinion of consultative examiner Dennis Noia, Ph.D, than to the opinions of treating psychiatrist Abbas Ispahani, M.D.; (2) however, the ALJ erred in affording the opinions of Plaintiff's psychiatrist Dr. Ispahani only "some weight" and "limited weight," because (a) the ALJ's analysis relied on "a narrow reading of the record" that effectively ignored Plaintiff's ongoing sleep impairment, severe cognitive dysfunctions, and emotional lability (despite his receipt of multiple combinations of medication regimens), (b) in dismissing Plaintiff's ongoing impairments and symptoms, the ALJ relied on Plaintiff's reported "stable" mental status, misinterpreting the word as meaning the examinations were "benign" when the word appears to mean that the examinations were merely "unchanged," (c) in discounting Dr. Ispahani's December 2013 medical source statement (which was much more restrictive than was Dr. Ispahani's November 2013 medical source statement), the ALJ

4

improperly relied heavily on the fact that the December statement was completed at the request of Plaintiff's representative, and (d) the ALJ did not give good reasons for finding that certain of Plaintiff's daily living activities (specifically, his good relationship with his parents, ability to attend treatment meetings, and ability to maintain sobriety for more than 30 months) were inconsistent with Dr. Ispahani's opinion that he lacked the ability to interact appropriately with supervisors, co-workers, and the public, as well as respond to changes in a routine work setting; and (3) in addition to being remanded for correction of the deficiencies discussed above, the action should be remanded for the ALJ to contact Dr. Ispahani for clarification with regard to the discrepancies discussed in note 5 of the Report-Recommendation. (Dkt. No. 12, at Part IV.)

## F. Defendant's Objections to the Report-Recommendation

Generally, in her Objections to the Report-Recommendation, Defendant asserts the following five arguments: (1) in concluding that the ALJ erred in affording the opinions of Plaintiff's psychiatrist Dr. Ispahani too little weight (by committing the four errors referenced above as arguments "(2)(a)" through "(2)(d)" of the preceding section), the Report-Recommendation does not refer or even allude to the substantial-evidence standard of review, and thus does not conclude that the ALJ's analysis was so far removed from the record evidence as to be irrational or beyond the rationale of any reasonable factfinder, which is necessary to overcome an ALJ's evidentiary analysis; (2) specifically, with regard to the error referenced above as argument "(2)(a)" in Part E of this Decision and Order, in relying on Plaintiff's ongoing sleep impairment, the Report-Recommendation ignores (a) the fact that the standard for disability is not whether a claimant is completely free of symptoms but whether the claimant has symptoms so debilitating as to preclude any substantial gainful activity, and (b) the fact that a

disagreement with the persuasiveness to attach to treatment notes does not render an ALJ's evidentiary weighing irrational or unreasonable; (3) with regard to the error referenced above as argument "(2)(b)" in Part E of this Decision and Order, setting aside the fact that the ALJ's interpretation of the word "stable" was not irrational (given that it is supported by a medical dictionary), the record does not support a conclusion that Plaintiff's mental status was unchangingly poor; (4) with regard to the error referenced above as argument "(2)(c)" in Part E of this Decision and Order, the ALJ's purported heavy reliance on the fact that the December statement was completed at the request of Plaintiff's representative, even if true, is not prohibited by the rule cited by Plaintiff, because the rule prohibits the reliance of that fact as the only factor, and ALJ relied on other factors as well; and (5) with regard to the error referenced above as argument "(2)(d)" in Part E of this Decision and Order, the Report-Recommendation's demand that the ALJ explain how certain of Plaintiff's daily living activities translate into an ability to work (or socialize) goes far beyond what the substantial-evidence standard of review actually requires. (Dkt. No. 13.)

**G.     Plaintiff's Response to Defendant's Objections**

Generally, in his response to Defendant's Objections, Plaintiff asserts the following five arguments: (1) contrary to Defendant's argument, the Report-Recommendation does not refer or even allude to the substantial-evidence standard of review, it does so on pages 5 and 6, and subsequently (albeit implicitly) applies that standard by reviewing the whole record including evidence in the record that does not support the ALJ's decision; (2) with regard to the error referenced above as argument "(2)(a)" in Part E of this Decision and Order, the ALJ's analysis relied on a reading of the record that was so narrow that it rendered the ALJ's evidentiary

6

weighing unreasonable; (3) with regard to the error referenced above as argument "(2)(b)" in Part E of this Decision and Order, the ALJ's interpretation of the word "stable" contradicts the holding of a Second Circuit case and, in any event, is inconsistent with the record; (4) with regard to the error referenced above as argument "(2)(c)" in Part E of this Decision and Order, the ALJ fails to sufficiently consider that Dr. Ispahani observed Plaintiff's condition worsen between November 2013 and December 2013; and (5) with regard to the error referenced above as argument "(2)(d)" in Part E of this Decision and Order, the Report-Recommendation merely demanded a reasonable explanation of how certain of Plaintiff's daily living activities translate into an ability to work (or socialize), which is entirely within the law. (Dkt. No. 14.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that the district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

---

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that the court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

B.	Standard Governing Court's Review of a Denial of Social Security Benefits

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing a court's review of a denial of Social Security benefits. (Dkt. No. 12, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

III.	ANALYSIS

The Court has carefully considered the parties' arguments regarding Defendant's Objections. The Court finds that Defendant's Objections (set forth above in Part I.F. of this Decision and Order) constitute specific challenges to Magistrate Judge Carter's Report and Recommendation. Therefore, the Court conducts a *de novo* review of the portions of Magistrate Judge Carter's Report and Recommendation addressed in Defendant's Objections. While the Court finds merit to Defendant's arguments "(4)" and "(5)," it does not find merit to Defendant's arguments "(1)," (2)" and "(3)."

With regard to Defendant's argument "(4)" (i.e., that the ALJ properly relied on the fact that the December statement was completed at the request of Plaintiff's representative), the Court accepts that argument for the reasons stated by Defendant. *See, supra,* Part I.F. of this Decision and Order. To those reasons, the Court adds that, regardless of whether one believes that the ALJ should have concluded that Plaintiff's condition simply worsened between November 2013 and December 2013, remand is not required based on the ALJ's statement that the December 2013 opinion was completed at the request of Plaintiff's representative.[7]

---

[7]	The Court recognizes that "'[t]he mere fact that a medical report is provided at the request of counsel or, more broadly, the purpose for which an opinion is provided, is not a legitimate basis for evaluating the reliability of a report.'" *Gunter v. Comm'r of Soc. Sec.*, 362 F.

With regard to Defendant's argument "(5)" (i.e., that it was sufficiently clear how certain of Plaintiff's daily living activities translate into an ability to work or socialize), the Court accepts that argument for the reasons stated by Defendant. *See, supra,* Part I.F. of this Decision and Order. To those reasons, the Court adds that the two cases cited by the Magistrate Judge do not warrant remand here because the ALJ did not fail to consider *any* regulatory factor[8] or mischaracterize the record regarding Plaintiff's activities in assessing Dr. Ispahani's opinion.[9] Moreover, the Court finds the relationship between Plaintiff's good relationship with his parents, ability to attend treatment meetings, and ability to maintain sobriety for more than 30 months

---

App'x 197, 199 n. 2 (2d Cir. 2010) (quoting *Reddick v. Chater*, 157 F.3d 715, 726 [9th Cir. 1998]). However, remand is not required when the ALJ did not base his or her assessment of the treating physician's opinion solely on the underlying purpose of the opinion. *Findlay v. Comm'r*, 15-CV-1250, 2016 WL 7378935, at *5 (N.D.N.Y. Dec. 20, 2016). Here, Magistrate Judge Carter acknowledged that the ALJ did not discount Dr. Ispahani's December 2013 opinion "on this factor alone." (Dkt. No. 12, at 13.) Notably, the ALJ also found that the medical record did not support the significant change in Dr. Ispahani's December 2013 opinion, noting the lack of significant changes reported in his contemporaneous clinical exams. (T. 26-27.) *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (stating that, the more a medical source presents evidence to support an opinion, particularly medical signs and laboratory findings, the more weight will be afforded to the opinion); *Diaz v. Shalala,* 59 F.3d 307, 315 (2d. Cir. 1995) ("The Secretary is entitled to rely not only on what the record says, but also on what it does not say.").

[8] For example, the ALJ considered the supportability of Dr. Ispahani's December 2013 opinion as noted above. (T. 26-27.) *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (stating that, the more a medical source presents evidence to support an opinion, particularly medical signs and laboratory findings, the more weight will be afforded to the opinion); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004) (listing regulatory factors).

[9] *See Cortright v. Colvin,* 13-CV-5422, 2014 WL 4384110, at *11 (S.D.N.Y. Aug. 29, 2014) (finding that the ALJ erred in discounting the treating physician's opinion based on its inconsistency with the plaintiff's reported activities where the ALJ "did not specifically address the regulatory factors outlined in 20 C.F.R. 404.1527[c]"); *Miller v. Colvin*, 122 F. Supp. 3d 23, 29, 31 (W.D.N.Y. 2015) (finding that the ALJ erred in discounting the treating psychiatrist's opinion based on its inconsistency with Plaintiff's activities where the ALJ "mischaracterized the record" regarding Plaintiff's activities, and "no regulatory factor" supported the ALJ's decision to discount the treating psychiatrist's opinion).

11

and his ability to interact appropriately with supervisors, co-workers, and the public, as well as respond to changes in a routine work setting to be sufficiently shown.[10]

However, with regard to Defendant's argument "(1)" (i.e., that the Report-Recommendation does not refer or even allude to the substantial-evidence standard of review), the Court rejects that argument for the reasons stated by Plaintiff. *See, supra,* Part I.G. of this Decision and Order. To those reasons, the Court adds that, while the Report-Recommendation does not expressly use the words "substantial evidence" in its analysis, the Court perceives a substantial-evidence inquiry to be the implicit goal of that analysis. The Court notes that, while an express application of the legal standard in the analysis section of a Report-Recommendation is preferred, the Court knows of no authority requiring a Report-Recommendation in a Social Security case to expressly use the words "substantial evidence" in its analysis section.

Moreover, with regard to Defendant's argument "(2)" (i.e., that the Report-Recommendation too heavily relied on Plaintiff's ongoing sleep impairment), the Court rejects that argument for the reasons stated by Plaintiff. *See, supra,* Part I.G. of this Decision and Order. The Court further notes that Magistrate Judge Carter referenced Plaintiff's sleep impairment within a larger discussion of Plaintiff's limitations resulting from his mood disorder, specifically bipolar disorder, and its attendant symptoms as reported in Dr. Ispahani's opinions

---

[10] *See Roma v. Astrue,* 468 F. App'x 16 (2d Cir. 2012) (finding that the ALJ properly declined to afford controlling weight to a treating physician's opinion that was inconsistent with other substantial evidence, including the plaintiff's testimony that he could perform a reasonably broad range of light, non-stressful activities at or near his home, including driving, reading, sending email, and independently performing activities of daily living).

and treatment records.[11]  (Dkt. No. 12, at 12-13.)

Similarly, with regard to argument "(3)" (i.e., that the Report-Recommendation too heavily relied on the ALJ's unexplained, if not incorrect, interpretation of the word "stable"), the Court rejects that argument for the reasons stated by Plaintiff.  *See, supra,* Part I.G. of this Decision and Order.

The Court notes that, while the question of whether to remand this case based on these two errors by the ALJ admittedly is a close one, after carefully considering the matter the Court answers that question in the affirmative for the reasons stated by the Magistrate Judge in the Report-Recommendation.  (Dkt. No. 12, at Part IV.)  In reaching this conclusion, the Court is mindful of the Second Circuit's observation, that, "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson v. Bowen*, 817 F.2 983, 986 (2d Cir. 1987).

Finally, the Court notes that, because the Report-Recommendation's third recommendation was not challenged by Defendant in its Objection (*see generally* Dkt. No. 13), it

---

[11] For example, in support of the limitations assessed in his December 2013 opinion, Dr. Ispahani indicated that Plaintiff had been under active psychiatric treatment for bipolar disorder for over four years.  (T. 394-95.)  Dr. Ispahani indicated that, though Plaintiff showed a partial response to various medication regimens, he had ongoing severe sleep impairments and severe cognitive dysfunctions in the areas of attention span, working memory, and concentration. (*Id*.)  Dr. Ispahani further indicated that Plaintiff's attention span, memory and concentration limitations caused increased irritable reactivity with loss of executive function, and Plaintiff's emotional state ranged from being blunted to exhibiting increased reactivity which was not readily controlled.  (T. 395.)

13

is subject to only a clear-error review (*see, supra,* Part II.A. of this Decision and Order), which the Court finds it survives for the reasons stated in the Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of the Court shall substitute Acting Commissioner of Social Security Nancy A. Berryhill for former-Acting Commissioner of Social Security Carolyn W. Colvin as the Defendant in this action, pursuant to Fed. R. Civ. P. 25(d); and it is further

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**, Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**, the Commissioner's decision denying Social Security benefits is **REVERSED,** and this matter is **REMANDED** to the Commissioner of Social Security for further proceedings under sentence four of 42 U.S.C. § 405(g).

Dated: March 14, 2017
       Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge